IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WOODROW JERRY HAWKINS,

            Plaintiff,

vs.                                    No. 06-2266-Ml/V

STATE OF TENNESSEE, et al.,

            Defendants.

---

ORDER CORRECTING THE DOCKET
ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ASSESSING APPELLATE FILING FEE
AND
ORDER IMPOSING RESTRICTIONS ON FILING PRIVILEGES

---

Plaintiff Woodrow Jerry Hawkins, a resident of Memphis, Tennessee, filed a pro se civil complaint on April 26, 2006 that purported to invoke this Court's jurisdiction pursuant to 42 U.S.C. § 1984,[1] along with a motion seeking leave to proceed in forma pauperis and appointment of counsel. On the basis of the information set forth in the plaintiff's affidavit and in his complaint, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as the State of Tennessee, L.S.I. Inc. ("L.S.I."), and Sun Insurance.

---

[1] The Clerk erroneously docketed this case as arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Clerk shall correct the docket to reflect that this is a miscellaneous civil action.

The complaint alleges that, on May 12, 2000, plaintiff, an employee of defendant L.S.I., was assaulted by a fellow employee, resulting in injuries. Plaintiff was told that if he wanted to file a police report or call an ambulance he would have to use the pay phone across the street. Plaintiff filed a police report, his assailant was arrested, and, after much delay, was convicted of assault, sentenced to eleven months and twenty days, and placed on probation for eleven months and six days.

The complaint further alleges that plaintiff had difficulty obtaining compensation from the Tennessee Criminal Injuries Compensation Act. The Shelby County Criminal Court originally awarded compensation, but plaintiff submitted an order, issued on March 18, 2004, that vacated that decision on motion of the State. Nothing in the text of the order indicates the reason plaintiff was ineligible for compensation, if in fact the order at issue constituted a ruling on the merits. The complaint asks this Court to review the state-court decision, which may have been based on the fact that the plaintiff did not suffer a compensable injury or, alternatively, may have been based on his absence from the courtroom when the case was called. The plaintiff alleges that, when he told the judge why he was absent, the judge told him he was wasting his time and threatened to have him arrested.

The complaint alleges that, as a result of the state court judge's action, plaintiff filed lawsuits in state and federal court. The federal lawsuit referred to by the plaintiff, Hawkins v. L.S.I. Inc., et al., No. 03-2493-Ml/V (W.D. Tenn.), was actually

2

filed on July 2, 2003 and was dismissed, <u>sua</u> <u>sponte</u>, for lack of subject-matter jurisdiction on April 29, 2004. The Court held that the only defendants in the case, L.S.I. and Sun Insurance, could not be sued under 42 U.S.C. § 1983 as they are not state actors. Judgment was entered on April 30, 2004. The United States Court of Appeals for the Sixth Circuit affirmed in an unpublished opinion. <u>Hawkins v. L.S.I., Inc., et al.</u>, No. 04-5756 (6th Cir. July 25, 2005), <u>cert. denied</u>, 74 U.S.L.W. 3585 (U.S. Apr. 17, 2006) (No. 05-9048).

The plaintiff asserts that he has filed the instant complaint because the Supreme Court denied certiorari in this prior case. He seeks an order overturning the state-court judge's decision and awarding him compensation as a crime victim. He also seeks nominal damages, punitive damages, "immunity damages," statutory damages, "liability damages," actual damages, and compensatory damages, each in the amount of $150,000.[2] The plaintiff also seeks the filing of criminal charges against the defendants.

Although the complaint does not provide any details about the state-court lawsuit filed by the plaintiff, it appears that the plaintiff sued Case Management Inc. ("CMI"), a nonprofit organization that assists individuals with mental health issues, including persons who have been victims of crime, and a CMI case manager, in connection with their involvement in his attempts to

---

[2]    It is not clear if the amounts sought by the plaintiff are the total he is requesting or the amount sought from each of the three defendants.

obtain compensation under the Tennessee Victims of Crime Act ("VOCA"). According to the Tennessee Court of Appeals:

> After his referral to VOCA, CMI proceeded with an assessment and investigation of Hawkins's claim. It was determined that Hawkins had initiated the altercation that led to his injury. CMI then advised Hawkins that he was not eligible for relief from the [Tennessee Criminal Injury Compensation] Fund. Notwithstanding this assessment, CMI contends that they provided Hawkins with information on the Fund, which including instructions for filing a written claim for benefits. Hawkins failed to file a claim within the one year time period outlined in the Fund guidelines.

Hawkins v. Case Management Inc., 165 S.W.3d 296 (Tenn. Ct. App. 2004), perm. app. denied (Tenn. Jan. 24, 2005). On October 29, 2002, Hawkins filed a lawsuit in the Shelby County General Sessions Court against CMI and the case manager, alleging that the defendants "failed to advise him of his rights, failed to provide him with access to a claim form for compensation under the Fund, and failed to tell him of the time limit for filing his claims." Id. at 298. The General Sessions Court entered judgment for defendants on February 10, 2003 and, that day, plaintiff appealed to the Shelby County Circuit Court. All parties filed summary judgment motions and, on November 17, 2003, the Circuit Court granted summary judgment for defendants on the ground that they were immune from suit under Tenn. Code Ann. § 40-38-108. Id. at 298-99. The Tennessee Court of Appeals affirmed. Id. at 299-300.

Although not mentioned in this most recent complaint, on February 8, 2005 plaintiff filed a second federal lawsuit, pursuant to 42 U.S.C. § 1983, in response to the unfavorable termination of his suit against CMI and the caseworker, Rosaline McGee. In an

order issued on September 29, 2005, the Court dismissed that action
sua sponte, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), as
barred by res judicata and for failure to state a claim. Hawkins v.
McGee, No. 05-2111-Ml/V (W.D. Tenn.). Judgment was entered on
September 29, 2005. Plaintiff did not appeal.

      The Court is required to screen in forma pauperis
complaints and to dismiss any complaint, or any portion thereof, if
the action—

      (i)       is frivolous or malicious;

      (ii)      fails to state a claim on which relief may be
      granted; or

      (iii)     seeks monetary relief against a defendant who
      is immune from such relief.

28 U.S.C. § 1915(e)(2). The plaintiff's complaint is subject to
dismissal in its entirety.

      Federal courts are courts of limited jurisdiction. Finley
v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard,
427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905);
Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are
obliged to act sua sponte whenever a question concerning
jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red
Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l
Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v.
Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C.
Wright, A. Miller & E. Cooper, Federal Practice and Procedure §
3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a
court shall dismiss an action '[w]henever it appears by suggestion

5

of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

In this case, the complaint purports to be brought pursuant to 42 U.S.C. § 1984. No such statute exists and, therefore, the complaint, on its face, does not state a valid basis for federal subject-matter jurisdiction.

Moreover, even if it is assumed that the claim against the State of Tennessee is brought pursuant to 42 U.S.C. § 1983, the complaint appears to be entirely lacking in substantive merit.[3] Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Therefore, any § 1983 claim against the State of Tennessee is barred by the Eleventh Amendment.[4]

Moreover, a one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see

---

[3]     The Court dismissed plaintiff's first lawsuit against L.S.I. and Sun Insurance, which was purportedly brought pursuant to 42 U.S.C. § 1983, because those private entities are not state actors. See supra pp. 2-3. For the reasons stated in case no. 03-2493, this Court lacks subject-matter jurisdiction over plaintiff's claims against L.S.I. and Sun Insurance.

[4]     Plaintiff's claim pursuant to 42 U.S.C. § 1983 against the State of Tennessee is also subject to dismissal on the ground that a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). This case involves an assault that occurred on May 12, 2000, almost six years prior to the commencement of this action, and a denial of benefits from a victims compensation fund that occurred on or about March 18, 2004. Each and every claim in this complaint is time barred.

Accordingly, the Court DISMISSES the complaint with respect to the State of Tennessee pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii). The Court DISMISSES the complaint with respect to L.S.I. and Sun Insurance, pursuant to Fed. R. Civ. P. 12(b)(1) & (h)(3), for lack of subject-matter jurisdiction. In light of the dismissal of this action, the motion for appointment of counsel is DENIED as moot.

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the party must file his motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

7

The good faith standard is an objective one. <u>Coppedge v.</u>
<u>United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in
good faith if the issue presented is frivolous. <u>Id.</u>  Accordingly,
it would be inconsistent for a district court to determine that a
complaint should be dismissed before service on the defendants, but
has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u>
<u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The
same considerations that lead the Court to dismiss this case also
compel the conclusion that an appeal would not be taken in good
faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P.
24(a), that any appeal in this matter by the plaintiff is not taken
in good faith. Leave to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> is,
therefore, DENIED. If plaintiff files a notice of appeal, he must
pay the $455 appellate filing fee in full or file a motion to
proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the United States Court of Appeals for
the Sixth Circuit within thirty (30) days.[5]

Furthermore, as previously mentioned, this is the third
action brought by Hawkins in federal court concerning this matter,
and the Court is aware that Hawkins has filed at least one lawsuit
in state court arising out of the same incident. Plaintiff's
conduct in bringing this action, which is virtually identical to
case no. 03-2493, demonstrates a marked propensity to abuse the
judicial system in an attempt to harass the defendants as well as

---

[5]     Effective April 9, 2006, the appellate filing fee increased from $255
to $455.

the Court. <u>Filipas v. Lemons</u>, 835 F.2d 1145, 1146 (6th Cir. 1987).
This Court has the obligation and authority to prevent this type of
abuse.

> Federal courts have both the inherent power and the
> constitutional obligation to protect their jurisdiction
> from conduct which impairs their ability to carry out
> Article III functions. If such power did not exist, or if
> its exercise were somehow dependent upon the actions of
> another branch of government or upon the entitlement of
> a private party to injunctive relief, the independence
> and constitutional role of Article III courts would be
> endangered.

<u>In re Martin-Trigona</u>, 737 F.2d 1254, 1261 (2d Cir. 1984); <u>see also</u>
<u>Winslow v. Romer</u>, 759 F. Supp. 670, 677-78 (D. Colo. 1991); <u>Kersh</u>
<u>v. Borden Chemical, Div. of Borden, Inc.</u>, 689 F. Supp. 1442, 1452-
53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts
have endorsed the enjoining of prolific frivolous filers. <u>See</u>
<u>Filipas</u>, 835 F.2d at 1146; <u>Cotner v. Hopkins</u>, 795 F.2d 900 (10th
Cir. 1986); <u>Procup v. Strickland</u>, 792 F.2d 1069 (11th Cir. 1986);
<u>see also</u> <u>Day v. Allstate Ins. Co.</u>, 788 F.2d 1110 (5th Cir. 1986);
<u>Franklin v. Murphy</u>, 745 F.2d 1221, 1232 (9th Cir. 1984); <u>In re</u>
<u>Green</u>, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981) (per
curiam); <u>Green v. Warden</u>, 699 F.2d 364 (7th Cir. 1980); <u>Green v.</u>
<u>White</u>, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); <u>Gordon v.</u>
<u>Department of Justice</u>, 558 F.2d 618 (1st Cir. 1977); <u>Gambocz v.</u>
<u>Yelencsics</u>, 468 F.2d 837 (3d Cir. 1972). The Court must take care
not to impose restrictions that would preclude the party from all
access to the courts. <u>Safir v. United States Lines, Inc.</u>, 792 F.2d
19, 24 (2d Cir. 1986); <u>Sires v. Gabriel</u>, 748 F.2d 49, 51 (1st Cir.
1984).

The Court has considered how to prevent Hawkins from continuing to abuse the judicial system by repeatedly attempting to litigate the same or similar meritless claims, without also completely precluding his access to the courts. See, e.g., Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986) (limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access); see also Lyons v. Randall, 834 F.2d 493, 496 (5th Cir. 1987) (sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity).

Accordingly, this Court ORDERS that plaintiff shall file no further documents in this case, other than a one-page notice of appeal, and shall not file any other case in which he seeks to relitigate any issue concerning, or related to, the assault he sustained on May 12, 2000 and the response to that assault by his employer, the state courts, or any other person or entity. The Clerk is ORDERED not to file or otherwise accept any other documents presented by plaintiff in this action or any new action which attempt to relitigate these matters unless specifically directed to do so by a district judge or magistrate judge of this district. Any further documents in this case or any other documents attempting to relitigate these matters shall not be filed and, instead, shall be returned to Hawkins.

Furthermore, should Hawkins violate this order, the Court will then impose further sanctions against him, including a monetary fine. Moreover, any case submitted by Hawkins to another

10

court that is thereafter removed or transferred to this district
will result in the same sanctions as if it had been initially filed
here.

Nothing in this order shall be construed as imposing any
restrictions on Hawkins's ability to file a lawsuit that is wholly
unrelated to the May 12, 2000 assault.

IT IS SO ORDERED this 31st day of May, 2006.


_/s/ Jon P. McCalla_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

11